PAEZ, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from the denial of the petition with respect to Lee’s claims for asylum and withholding of removal. *660 Neither the immigration judge (IJ) nor the Board of Immigration Appeals (BIA) had the benefit of the recent precedential BIA decision in Matter of N-M-, 25 I. & N. Dec. 526 (June 9, 2011), when they held that the persecution that Lee suffered at the hands of the local police force was not on account of his political opinion.
Matter of N-M- discusses the heightened nexus requirement imposed by the REAL ID Act, Pub.L. No. 109-18, Div. B., § 101(h)(2), 119 Stat. 231, 305 (May 11, 2005), and its application in asylum and withholding of removal cases where the basis for the protected activity is whistle-blowing against corrupt government officials. The majority is correct that under the REAL ID Act’s “one central reason” standard, the “alien must demonstrate that the persecutor would not have harmed the applicant if the protected trait did not exist.” Matter of N-M- 25 I. & N. Dec. at 531.
Matter of N-M- provides more, however. The opinion provides three factors for an IJ to consider when determining, as a matter of fact, a persecutor’s actual motive: (1) “whether and to what extent the alien engaged in activities that could be perceived as expressions of anticorruption beliefs,” (2) “any direct or circumstantial evidence that the alleged persecutor was motivated by the alien’s perceived or actual anticorruption beliefs,” and (3) “evidence regarding the pervasiveness of government corruption, as well as whether there are direct ties between the corrupt elements and higher level officials.” Id. at 532-33.
Here, the BIA only discussed the first of those factors, Lee’s own activities. The BIA only noted that Lee “was not involved in politics,” “only made four anonymous telephone calls,” “did not rail in public against corruption,” and “did not publicly expose corruption, but rather criticized individuals whose corruption was aberrational.” The Board did not discuss the direct and circumstantial evidence that the police were motivated by Lee’s activities, or the pervasiveness of corruption in the Brazilian police forces.
Because neither the BIA nor the IJ performed a complete analysis of Lee’s claim for asylum or withholding of removal on the basis of his whistleblowing against corrupt government officials, I would remand this case to the agency for reconsideration in light of Matter of N-M-. I therefore respectfully dissent from this part of the majority’s disposition.
I concur, however, in the determination that Lee waived his Convention Against Torture claim by failing to argue it in his brief to this court.